| | |
|---|---|
| **THOMAS DEFIBAUGH**<br>**Individually and on behalf of**<br>**Others Similarly Situated.**<br>510 Kintop Road<br>Glen Burnie, Maryland 21061<br><br>      **Plaintiff,**<br>**v.**<br><br>**PORTFOLIO RECOVERY**<br>**ASSOCIATES, LLC**<br>7 St. Paul Street, Suite 280<br>Baltimore, Maryland 21202<br><br>    **SERVE ON:**<br><br>    **Resident Agent**<br>    CSC-Lawyers Incorporating<br>    Service Company<br>    7 St. Paul Street, Suite 280<br>    Baltimore, Maryland 21202<br><br>    **Defendant.** | **IN THE**<br><br>**CIRCUIT COURT OF MARYLAND**<br><br>**FOR**<br><br>**BALTIMORE CITY**<br><br>**CASE NO:** _____ |

## CLASS ACTION COMPLAINT
## AND
## DEMAND FOR JURY TRIAL

Plaintiff, Thomas Defibaugh, by and through his attorneys, Jane Santoni, Kathleen P. Hyland, and Williams & Santoni, LLP, hereby files this action against the Defendant, Portfolio Recovery Associates, LLC ("Portfolio" or "Defendant"). This action is filed on behalf of Mr. Defibaugh individually, and on behalf of a class of persons defined herein. For his Complaint, the Plaintiff alleges and states:

APR 17 2015

## INTRODUCTION

1.    This matter involves a debt purchaser that routinely files debt collection lawsuits against Maryland consumers after they have entered into repayment plans to pay their alleged debts.

2.    The Defendant regularly violates the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201 et. seq. ("MCDCA") and commits unfair or deceptive trade practices when it enters into debt repayment plans with Maryland consumers and then sues them in Maryland district courts.

3.    The Defendant regularly files affidavit judgment lawsuits in Maryland state district courts, in which it misrepresents that Maryland consumers, including the Plaintiff, have breached consumer credit contracts when in fact, new contracts to repay the alleged debts have been formed. Plaintiff contends that this method of debt collection also constitutes a violation of § 14-202 (8) of the MCDCA.

4.    Maryland consumers regularly enter into repayment plans to avoid the costs and stress associated with defending their cases in court.

5.    This method of misrepresenting repayment plans and then immediately filing lawsuits against the same consumers in the district courts is an unfair and deceptive practice, in violation of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301 et. seq. ("MCPA.") Pursuant to § 13-301 (14)(iii) violation of the MCDCA is also a per se violation of the MCDCA.

6.     This method is also a false and misleading practice, and also an unfair and unconscionable practice under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et. seq.*

## PARTIES

7.     Named Plaintiff is a resident of Maryland, is a natural person, and a consumer who had a credit card account with Citibank that the Defendant allegedly purchased.

8.     Upon information and belief, the Defendant Portfolio is a debt purchaser that regularly transacts business in Baltimore City, files lawsuits in Baltimore City, and collects judgment liens from consumers in Baltimore City. The Defendant is licensed as a collection agency in Maryland.

## JURISDICTION AND VENUE

9.     Jurisdiction of this Court arises under MD. CODE ANN., CTS & JUD. PROC. § 6-103(b), because Portfolio transacts business and performs work and provides services in Maryland, regularly does and solicits business in Maryland, and engages in other persistent courses of conduct in Maryland.

10.     Venue in this Court is proper under MD. CODE ANN., CTS & JUD. PROC. § 6-201 because the Defendant regularly transacts business within Baltimore City.

## FACTS RELATING TO THE PLAINTIFF

11.     Mr. Defibaugh is a retired Baltimore County Animal Control Officer who stopped working after a pit bull savagely attacked him and caused permanent injuries.

12.     In 2013, Mr. Defibaugh's wife grew seriously ill with a condition that affected her memory, and his son lost his job. Mr. Defibaugh allowed his son, son's wife, and two grandchildren to move into his house out of economic necessity.

13.     Mr. Defibaugh had a credit card with Sears/Citibank that he used primarily for personal, household, or family purposes.

14.     Mrs. Defibaugh had typically made the payments, but between her illness and their new living situation, the Defibaughs fell behind in their payments.

15.     On or about July 9, 2012, Mr. Defibaugh allegedly owed $3,818.55 and Sears/Citibank closed and charged off his account.

16.     In March 2014, Portfolio contacted Defibaugh via telephone and informed him that he owed Portfolio the alleged debt.

17.     In the same conversation on March 2014, Portfolio offered Defibaugh a repayment plan over the phone.

18.     Portfolio never told Mr. Defibaugh that it intended to sue him even if he entered into a payment plan. This material information was withheld from

him. Instead Portfolio led Plaintiff to believe that entering a payment plan would prevent further debt collection activities.

19.    Thus, Portfolio falsely led Plaintiff and others like him to believe that if he entered into a repayment agreement, further debt collection activities would cease, and this was a condition upon which Plaintiff agreed to enter into the agreement. Had Plaintiff known the truth, that he would be sued anyway and not be credited for all payments he made as part of this agreement, he would not have entered into any agreements with Portfolio.

20.    As a direct result of the conversation with Portfolio, Defibaugh agreed to and did make an initial payment of $700.00 over the phone by giving Portfolio his bank information. He agreed to the terms of Portfolio's payment plan with the intention of making consistent future payments, including giving Portfolio permission to make automatic deductions from his bank account.

21.    After making this payment plan, Defibaugh continued to receive debt collection letters from Portfolio. He called Portfolio and asked them to stop, and a representative from Portfolio advised him to disregard the letters.

22.    On or about April 4, 2014, Defibaugh received a letter from Portfolio confirming the monthly payments for a total balance of $3,721.55. Exhibit 1, "Payment Plan Confirmation from Portfolio."

23.    On or about April 4, 2014, Defibaugh spoke with a representative from Portfolio, who mentioned that he might be getting court papers, but could ignore them.

24.     On April 15, 2014, Portfolio filed a complaint in the District Court for Glen Burnie, seeking an affidavit judgment for $3,721.55.  Exhibit 2, "District Court Complaint."

25.     The District Court Complaint failed to acknowledge the $700.00 payment that Defibaugh had made, and instead listed the last payment in the amount of $97.00 in January 2014.  The Complaint also failed to acknowledge that any agreement had been entered.

26.     On April 16, 2014, Portfolio withdrew the first monthly payment for $133.00 from Mr. Defibaugh's account.

27.     On April 25, 2014, Portfolio's private process server served Mr. Defibaugh with the District Court Complaint.

28.     Plaintiff immediately called Portfolio, who advised him that he was "on his own" to defend himself in the lawsuit.

29.     Plaintiff was on pain medication, and had to stop taking the medication in order to attend court and file a notice of intention to defend.

30.     Plaintiff retained counsel, and on or about June 6, 2014, counsel for Portfolio dismissed the District Court Case, pursuant to Md. Rule 3-506(b).

## CLASS ALLEGATIONS

31.     Portfolio's business includes collecting debts from members of the public, including the Plaintiff and the class members.

32.     The Defendant requires anyone who wishes to repay the debts over time to enter into repayment plans.

33. The Defendant regularly contacts consumers via telephone and writing, offers them repayment plans, and then confirms the agreements in writing.

34. The consumers freely enter into agreements to avoid further action, such as litigation.

35. The Defendant's position is that it may file district court debt collection lawsuits against Maryland consumers, even after consumers have entered into agreements to repay the underlying alleged debts.

36. The Defendant has and will continue to file district court debt collection lawsuits against consumers who have entered into agreements to repay the alleged debts.

37. The Plaintiff proposes a Class consisting of the following:

> All persons who Defendant has filed lawsuits against after entering into repayment plans within one year preceding the filing of this Complaint, under the Fair Debt Collection Practices Act.

> and/or

> All persons who Defendant has filed lawsuits against after entering into repayment plans within three years preceding the filing of this Complaint, under the Maryland Consumer Debt Collection Act and Maryland Consumer Protection Act.

38. There are common questions of law and fact related to the Class, including:

> a. Whether filing a lawsuit after consumers enter into valid repayment agreements is false and misleading?

b. Whether filing a lawsuit after consumers enter into valid repayment agreements is unfair and unconscionable?

c. Whether Defendant's actions violate the FDCPA?

d. Whether the Defendant's actions violate the MCDCA?

e. Whether the Defendant's actions constitute unfair or deceptive trade practices under the MCPA?

f. Whether the Defendant has filed lawsuits against class members for debts that are already in repayment?

g. Whether the Defendant has misrepresented the legal status of these debts as "in default" to establish proof of the debts in Maryland state debt collection cases?

h. Whether the class members are entitled to a return of any withdrawals taken by the Defendant under the repayment plans?

i. Whether the Class is entitled to any damages or losses by the Defendant?

39. The Defendant has acted on grounds that apply generally to all of the class members.

40. The only individual questions concern the identification of Class members and the actual damages of each Class member. This information can be determined by a simple ministerial examination of the business records of the Defendant. The Defendant maintains business records that consist of statements that can be searched, downloaded, and printed without an undue burden. Such

business records are the same records that the Defendant has used to support its lawsuit filings and repayment agreements. Such business records are admissible as an exception to hearsay and as a statement by a party.

41.     Plaintiff's claims are typical of the claims of the Class members.

42.     Plaintiff is similarly situated with and has suffered similar damages as the other members of the Class.

43.     Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution of this action.

44.     Plaintiff has retained attorneys who are experienced in consumer protection laws and experienced in class actions.

45.     Plaintiff's attorneys are adequate to represent the Class.

46.     A class may be certified pursuant to Rule 2-231 (b)(2) for the declaratory and injunctive relief sought for the Plaintiff and the Class.

47.     A class may be certified pursuant to Rule 2-231 (b)(3) for the damage claims of the Plaintiff and the Class because a class is a superior method of providing relief and there is a predominate common issue as to whether or not the Defendant has the right to offset credit card debt from depository accounts.

## COUNT I

### VIOLATION OF THE MD. CONSUMER DEBT COLLECTION ACT
### Md. Code Ann., Com. Law § 14-201 *et. seq.*

48.     Plaintiff incorporates the foregoing paragraphs.

49. The Defendant's actions to file lawsuits after consumers entered repayment agreements constitutes an attempt to collect a debt with knowledge that the right to collect the debt does not exist, in violation of the MCDCA § 14-202 (8).

50. The Defendant's actions to file lawsuits containing misleading and inaccurate statements about the legal status of the debt, proof of the consumer's account, and date of last payment, also constitutes an attempt to collect a debt with knowledge that the right to collect the debt does not exist, in violation of the MCDCA § 14-202 (8).

51. The Plaintiff and Class Members have been damaged by the Defendant's wrongful debt collection methods.

## COUNT II

### VIOLATION OF THE MD. CONSUMER PROTECTION ACT
### Md. Code Ann., Com. Law § 13-101 et. seq.

52. Plaintiff incorporates the foregoing paragraphs.

53. The Defendant's actions in violation of the Maryland Consumer Debt Collection Act constitute unfair or deceptive trade practices in violation of MCPA § 13-301 (14)(iii).

54. The Defendant's use of a District Court Complaint to collect on the alleged debt is a material statement to the Plaintiff and Class members. The statement is false or misleading written statement which has the capacity, tendency or effect of deceiving or misleading consumers since Defendant signed

affidavits alleging that the accounts were in default under the original contracts. This violates § 13-301 (1) of the MCPA.

55.   The Defendant fails to state that it will still file lawsuits against the consumers even after they enter into repayment plans, and that omission deceives or tends to deceive consumers. This violates § 13-301 (3) of the MCPA.

56.   The Defendant's method of entering into repayment agreements and then filing lawsuits against the Plaintiff and Class Members is an unfair and deceptive trade practice in violation of MCPA § 13-301.

57.   The Defendant's method of filing district court cases that misrepresent the nature of this debt, the date of the last payment, and the total amount due on consumer accounts to Maryland courts is an unfair and deceptive trade practice in violation of MCPA § 13-301.

58.   The Plaintiff and class members relied on the Defendant's written and oral statements and entered into repayment plans.

59.   The Plaintiff and class members have been damaged by the Defendant's commission of unfair and deceptive trade practices by the Defendant by having to defend themselves in debt collection lawsuits and misrepresented in Maryland courts.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C.A. § 1692a, *et. seq.*

60. The Plaintiff incorporates by reference the foregoing allegations of this Complaint.

61. Pursuant to § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. This prohibition specifically includes:

   a. The false representation of the character, amount or legal status of any debt. § 1692e(2);

   b. The implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person. § 1692e(4);

   c. Threats to take legal actions that cannot be lawfully taken. § 1692e(5);

62. Pursuant to § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. This specifically includes any attempt to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. § 1692f(6).

63.     Pursuant to § 1692k(a)(1) and § 1692k(a)(3), a debt collector in violation of the FDCPA is liable for actual damages, statutory damages, court costs and attorney's fees.

64.     Defendant violated the FDCPA by filing lawsuits against the Plaintiff and Class Members when the debts were in repayment plans.

65.     Defendant violated the FDCPA by misleading the Plaintiff and class members into entering repayment plans.

66.     Defendant violated the FDCPA by misrepresenting to district courts that the debts were in default, when Plaintiff and Class Members had agreed to repayment plans with the intention to fulfill any contractual obligations owed on the debts.

67.     Defendant violated the FDCPA by causing judgment to be entered against Class Members.

68.     The Plaintiff and class members have been damaged by the Defendant's wrongful debt collection methods.

## COUNT IV

### DECLARATORY AND INJUNCTIVE RELIEF

69.     Plaintiff incorporates the foregoing paragraphs.

70.     Plaintiff seeks a declaratory judgment that the Defendant may not file debt collection lawsuits when consumers are current on their repayment plans.

71. The Defendant contends that it has the right to file lawsuits against consumer who are current on their repayment plans.

72. There is an actual controversy between the Parties.

73. Plaintiff is entitled to a declaratory judgment pursuant to Md. Code Ann., §§ 3-401–3-415, and Rule 2-231 (b)(2).

74. The Plaintiff seeks a declaratory judgment that the Defendant's acts violate the Maryland Consumer Debt Collection Act and constitute unfair or deceptive trade practices in violation of the Maryland Consumer Protection Act.

75. The Defendant will continue to act in the same manner and in violation of law if this Court does not grant injunctive relief.

## PRAYER FOR RELIEF

Wherefore the Plaintiffs pray for the following relief to be granted on the complaint:

a. An order certifying a class of persons as set forth herein for the claims asserted herein;

b. An order appointing the Plaintiff as Class Representative of the Class;

c. An order appointing the Plaintiff's counsel as class counsel for the Class;

d. A preliminary and permanent injunction enjoining the Defendant as requested herein;

e. An award of damages or other relief that the Class may be entitled to from the Defendant believed to be in excess of $1,000,000;

f.  An award of damages or other relief that the Class may be entitled to under

15 U.S.C. § 1692k.

g.  An award of costs, including attorney's fees as allowed by law; and

h.  Such other and further relief that the nature of the Plaintiff's cause and the

Class' cause may require.

Respectfully Submitted,

Jane Santoni
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 938-8666
(410) 938-8668 (fax)
jane@williams-santonilaw.com


Kathleen P. Hyland
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 938-8666
(410) 938-8668 (fax)
kat@williams-santonilaw.com

*Attorneys for Plaintiff and the Class
Described Herein*

## REQUEST FOR A TRIAL BY JURY

Plaintiff requests a trial by jury of any claims that may be determined by a jury.

Dated: April 14, 2015

Kathleen P. Hyland
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 938-8666
(410) 938-8668 (fax)
*Attorneys for Plaintiff and the Class
Described Herein*